LESTER JENKINS v. THE STATE.

No. 13093.   Delivered March 19, 1930.
Rehearing denied April 30, 1930.
Reported in 27 S. W. (2d) 164.

The opinion states the case.

*Jones & Jones* of Mineola, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, assault with intent to rape; penalty, two years in the penitentiary.

The testimony of prosecutrix in brief is substantially as follows: That appellant attacked her at her home while she was alone, intimidating her with a pistol and forcing her to lie down on the floor where he had or attempted to have carnal intercourse with her. Her testimony is somewhat doubtful as to whether there was a penetration. An attending physician, who was called shortly after the

offense, testified to finding a laceration of her private parts and to the presence of what he took to be semen in her vagina. Appellant lived with his father a short distance away and a chain of tracks led from near the scene of the alleged offense across the field in the direction of appellant's home. The parents of prosecutrix arrived at home within about thirty minutes after the alleged offense and found her crying and she at that time complained to them of the outrage committed upon her. Some of her undergarments were shown to have spots of blood on them.

Appellant's defense was an alibi, testified to by several witnesses.

There was no issue made on the trial below apparently as to the consent, either express or implied, of the prosecutrix, the issue being as to the presence of the accused at the scene of the crime. The trial court charged the definition of "force" in the language of Art. 1184 of the Penal Code. Under the facts of this case appellant's exception that such definition required the use of less force than the law contemplates is without merit. There being neither in the evidence of prosecutrix nor in the circumstances of the case any issue as to lack of resistance, the definition as given by the court was sufficiently explicit. Anschicks v. State, 6 Tex. Crim. App. 534; Favors v. State, 20 Tex. Crim. App. 161; Branch's P. C., Sec. 1780.

Complaint is made of the reception in evidence of the statements of prosecutrix made to her father and mother while she was crying and nervous and within thirty minutes of the time of the alleged commission of the offense and at the place where same was committed, on the ground that this was hearsay. A part of this was admissible as showing recent outcry. Underhill's Criminal Evidence (2nd Ed.), Paragraph 612; Branch's P. C., Sec. 1784; Lights v. State, 21 Tex. Crim. App. 314. In these statements she named appellant as her assailant and stated that he went out across the field where officers afterwards found a chain of tracks, already adverted to. All of this testimony was so connected in point of time and place with the offense and evidenced such a degree of instinctiveness as to make it admissible as res gestae. Authorities supra.

We have examined all of appellant's complaints and finding no merit in any of them, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In this case the facts show an actual assault by the use of force, and a showing of an attempt to physically penetrate the alleged injured female by appellant. She testified that she was not sure on the question of penetration, which probably led to his conviction for assault with intent to rape, instead of a conviction for the completed offense. The trial court in his definition of an assault and battery concluded same by saying that the injury intended might be either bodily pain or constraint. This might be objectionable in some cases, but would hardly be liable to lead the jury upon facts such as these before us to convict upon less force than is the legal measure of force necessary in an assault to rape. In his application of the law to the facts the trial court told the jury that in order to convict appellant of assault to rape, they must believe from the evidence beyond a reasonable doubt that he did assault prosecutrix with the specific intent by such assault *and by actual force,* to have carnal knowledge of her, before they could convict. It would strain credulity to believe that the jury may have found appellant guilty upon their belief that he only intended to constrain prosecutrix.

Appellant's father testified, as appears from the statement of facts, in answer to questions from appellant's counsel, that the Blalocks were guarding his place with guns the afternoon of the assault to keep appellant from running off before "The law" got there. On recross-examination it was developed by the State that the Blalocks had told Mr. Phillips that such was their purpose in being near appellant's house that afternoon with their guns. The matter seems of little materiality, and having been brought out originally by appellant, we are not prepared to say that the trial court was in error in refusing to strike it out in response to appellant's motion made after the recross-examination of the witness.

Believing the case correctly decided in the original opinion, the motion for rehearing is overruled.

*Overruled.*